UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **ERNEST E. JOHNSON, III,** of<br>49 8th Street, Portland, Maine,<br>County of Cumberland, State of Maine<br><br>and<br><br>**BRIAN S. PRINDLE,** of<br>29 Hinkley Street, Lisbon Falls, Maine,<br>County of Androscoggin<br>State of Maine<br><br>    Plaintiffs<br><br>v.<br><br>**VCG HOLDING COPORATION**, a<br>Colorado Corporation doing business in<br>the State of Maine,<br><br>    Defendant | **Civil Action No.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

This is an individual and collective action brought by individual and representatives Ernest E. Johnson, III, and Brian S. Prindle, on their own behalf and on behalf of the proposed class identified below.  Plaintiffs and the putative class members were employed by VCG Holding Corporation.  They performed tasks of playing music for the customers of the defendants at the defendant's entertainment locations.  They were paid by the defendant exclusively on an hourly basis.  As disk jockeys the plaintiffs and the putative class members are or were covered, non-exempt employees under federal and state wage and hour laws, and are entitled to minimum wage pay consistent with the requirements of these laws.  These employees are similarly situated under the Fair Labor Standards Act ("F.L.S.A."), 29 USC §216(b).

The collective class is made up of all persons who are or have been employed by defendant VCG Holding Corporation (herein after "VCG") as disk jockeys at any time within the United States within three years prior to this action's filing date, through the date of the final disposition of this action ("the Collective Class.").

During the Collective Class period, defendant failed to pay appropriate compensation, including the minimum wage, to each member of the collective class as required by federal and state law.  Plaintiffs seek relief for a three-year period prior to the filing of the Complaint for the collective class under the Fair Labor Standards Act.  Plaintiffs also seek relief for a six year period prior to the filing of the Complaint under the Maine minimum wage law for the named plaintiffs who were employed within the State of Maine.

They bring this action pursuant to the Fair Labor Standards Act of 1938, Title 29 U.S.C. § 216(b), and pursuant to the State of Maine Overtime Law, 26 M.R.S.A. § 670, as hereinafter more fully appears.  They seek to maintain a collective class action.

## FIRST CLAIM

### Fair Labor Standards Act

1.	Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1337, 1367 and by 29 U.S.C. § 216(b).  Each representative plaintiff has signed a consent form to join this law suit, attached hereto as Exhibit A.

2.	Defendant VCG Corporation is, and at all times hereinafter mentioned was, a corporation having an office and a place of business in Portland, Maine, within the jurisdiction of this court, and in various other locations throughout the United States, and is now, and at all times hereinafter mentioned was, engaged at that place in the operation of a business.

3. At all times hereinafter mentioned, defendant employed employees in the activities of said enterprises engaged in interstate commerce, including employees handling, selling, or otherwise working on goods or materials that have produced for commerce. Said enterprise, at all times hereinafter mentioned, have had an annual gross volume of sales made or business done in an amount of not less than $500,000.00. Therefore, the plaintiffs have been employed in enterprises engaged in commerce or in the production of goods for commerce within the meaning of §3(s) of the Fair Labor Standards Act.

4. The defendants are, and at all times hereinafter mentioned were, engaged in the operation of enterprise engaged in commerce within the meaning of §3(s) of the Fair Labor Standards Act.

**The Parties**

5. Individual and representative Ernest E. Johnson, III, currently resides in the city of Portland, County of Cumberland, in the State of Maine. He was employed by the defendant VCG as a disk jockey during all times relevant to this Complaint. Plaintiff Johnson brings his claim on behalf of himself, and the Collective Class.

6. Individual and representative Brian S. Prindle resides in the town of Lisbon Falls, county of Androscoggin, in the State of Maine. He was employed by defendant VCG in the capacity of a disk jockey during all times relevant to this Complaint. Plaintiff Prindle brings his claim on behalf of himself and the Collective Class.

7. Defendant VCG Corporation is a foreign corporation qualified to do business in the State of Maine, and having a place of business in Portland, Maine. It employed the plaintiffs at all times relevant to this Complaint in Portland, Maine.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

8. Each of the workers above in paragraphs 5 and 6 regularly worked several hours per week, but the defendant did not pay them at the minimum wage rate for their hours worked.

9. Defendant VCG followed the regular practice of paying the plaintiffs and other disk jockeys that they employed less than the minimum wage, treating them as "tipped employees" and counting as wages the amounts that they received from the dancers who performed for the customers at VCG at their places of business.

10. The plaintiffs were not engaged in an occupation in which they customarily and regularly received from customers more than thirty dollars a month in tips.

11. Defendant VCG established a custom, pattern, and practice, all in violation of §3(t) of the Fair Labor Standards Act, of regarding as "tips" to the plaintiffs those monies received as tips by the defendant's dancers which the defendant's dancers voluntarily shared with the plaintiffs.

12. The defendant has willfully engaged in a pattern and practice of unlawful conduct by paying the plaintiffs sub-minimum wages.

**COLLECTIVE ACTION ALLEGATIONS**

13. The named plaintiffs bring this claim under the Fair Labor Standards Act on their own behalf and on behalf of all disk jockeys of the defendants VCG, who were, are or will be employed by the defendants during a period of three years prior to the date of the commencement of this action, who have not been compensated at the minimum rate of pay for time for all work performed. The named plaintiffs are all members of the proposed collective action on whose behalf these claims are brought.

14. A claim for relief for violations of the Fair Labor Standards Act may be brought as an "opt-in" collective action pursuant to § 216(b) of the F.L.S.A., 29 U.S.C. § 216(b), on all claims asserted by the named plaintiffs, because the claims of the named plaintiffs are similar to the claims of the putative members of the collective action. The Collective Class is:

> **All persons employed as disc jockeys by the defendant who were paid by the defendant below the minimum wage within three years prior to the filing of the Complaint.**

15. Potential "opt-in" members of the collective action are similarly situated to the named plaintiffs. They have substantially similar job requirements and pay provisions. They are subject to the same common practices, policies and plans that permit them to work for wages below the minimum wage. They all work as non-exempt employees for the defendant. They all suffer damages in the nature of lost wages, resulting from the defendants' wrongful conduct.

16. Defendant's unlawful conduct has been widespread, repeated, and consistent.

17. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and had caused significant damages to plaintiffs and the Collective Class.

18. Defendant is liable under the Fair Labor Standards Act for failing to properly compensate plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.

19. There are numerous similarly situated current and former employees of the defendant who have been denied appropriate compensation, including the minimum wage, in violation of the Fair Labor Standards Act because the defendant operates places of

entertainment where disk jockeys are employed in several states.  The class members will benefit from the issuance of a Court supervised notice of the present law suit and the opportunity to join the present law suit.  Those similarly situated employees are known to defendant and readily identifiable through defendant's records.

20. The named plaintiffs have retained counsel competent and experienced in complex collective actions and F.L.S.A. litigation.

21. Thus, the F.L.S.A. claims of the named plaintiffs' claims are maintainable as a collective action pursuant to Section 16(b) of the F.L.S.A., 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, the named plaintiffs pray this court to enter judgment for the plaintiffs on behalf of themselves and on behalf of the putative members of the proposed Collection Action and against the defendant on the basis of the defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201 and the following:

1. to award plaintiffs actual and compensatory damages in the amount shown to be due for their minimum and overtime wages with interest;

2. to award plaintiffs an equal amount in liquidated damages;

3. to award plaintiffs reasonable attorneys' fees and costs of suit; and

4. to grant such other relief as this court deems equitable and just.

## SECOND CLAIM

### State Law

22. Plaintiffs repeat each of the allegations in paragraphs 1 through 21 above, and incorporate the same herein as though set out at length.

23. The conduct of the defendants described in paragraphs 1 through 21 above violates 26 M.R.S.A. § 664 by failing to pay minimum wages.

24. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367. The facts forming the basis for this state law claim are the same facts which form the basis of the First Claim under the Federal Fair Labor Standards Act. The state claim is so related to the First Claim that they form a part of the same case or controversy.

WHEREFORE, plaintiffs pray this court to enter judgment for the plaintiffs against the defendant for their minimum wages, plus liquidated damages, costs, and attorney's fees, pursuant to Maine Overtime Law, 26 M.R.S.A. §670, and to grant such other and further relief as this court deems just and proper.

Dated: _____, 2010

_____
Donald F. Fontaine Bar No. 424
Attorney for Plaintiffs

LAW OFFICES OF DONALD F. FONTAINE
97 India Street
P.O. Box 7590 Portland, Maine 04112
Tele: 207-879-3100
Fax: (207) 772-6402
dff@fontainelaw.com