| | | |
|---|---|---|
| *ERNEST E. JOHNSON, III, et al.,* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| *v.* | ) | *No. 2:10-cv-442-JAW* |
| | ) | |
| *VCG HOLDING CORPORATION,* | ) | |
| | ) | |
| *Defendant* | ) | |

### *MEMORANDUM DECISION ON MOTION TO COMPEL PRODUCTION*

In this putative collective action for unpaid wages, the plaintiff disc jockeys ask the court to order the defendant to produce a list of "the names, last known addresses, last known telephone numbers of all disc jockeys or emcees employed at the defendant's night clubs since September 1, 2008[.]" Plaintiffs' Motion to Compel Production of List of Employees ("Motion") (Docket No. 43) at 2. Because the plaintiffs have not provided to the court any information about their attempt to locate these individuals or their inability to do so, the motion is denied.

### I. Procedural Background

This motion is presented in an unusual posture, making useful a review of its procedural history. The plaintiffs allege violations of the Fair Labor Standards Act and 26 M.R.S.A. § 664. Amended Complaint (Docket No. 26). The initial scheduling order issued by this court set May 13, 2011, as the deadline for discovery. Scheduling Order (Docket No. 9) at 2. This was extended, at the plaintiffs' request and without objection, to June 1, 2011. Report of Telephone

Conference and Order (Docket No. 29) at 1. On June 2, 2011, at the parties' joint request, I suspended the dispositive motion deadline "until Chief Judge Woodcock has ruled on the class certification motion." Report of Hearing and Order re: Schedule (Docket No. 38).

Judge Woodcock's order denying the motion without prejudice was issued on July 25, 2011. Docket No. 39. In denying the plaintiffs' motion to certify their collective action, Judge Woodcock explained:

> In short, the Plaintiffs have neither identified no[r] suggested the existence of other disc jockeys who intend to join the litigation pending collective certification by the Court. It may be that the Plaintiffs know others who are interested in joining the case but merely neglected to say so in their declarations. The Court will reconsider the Plaintiffs' motion if they can present evidence that other current or former VCG disc jockeys would seek to join the case if the Court were to certify a collective action. Alternatively, the Court will consider the Plaintiffs' limited discovery issue if they can establish more specifically why they are entitled to such an order.

Order on Motion for Certification of Collective Action ("Motion Order") (Docket No. 39) at 21.

On August 2, 2011, following a telephone conference with counsel, I ordered that the parties file dispositive motions on two legal issues that did not depend on the collective action certification question by August 12, 2011, and, significantly for the present motion, directed that the plaintiffs "also file by August 12, 2011, either their renewed motion for certification as a collective action or a motion to allow limited discovery related to that motion." Report of Hearing and Order re: Scheduling (Docket No. 42) at 2.

## II. Discussion

On August 12, 2011, instead of filing either of the latter motions, the plaintiffs filed the motion now before the court. Although they do not say so, I assume that this motion represents the only discovery that they wish to undertake with respect to their motion for certification. The defendant opposes the motion, stating as its first reason for doing so that the plaintiffs never asked for this information during discovery, which closed on June 1, 2011. Defendant VCG Holding Corp.'s Opposition to Plaintiffs' Motion to Compel Production of List of Employees ("Opposition") (Docket No. 48) at 2. This is a rather quizzical argument, given the fact that the plaintiffs were invited by the court to attempt to undertake such discovery in an order dated after the discovery deadline.

The defendant next asserts that the plaintiffs' request is made "[d]espite the Court's ruling" on their motion for conditional certification. *Id*. at 3. Again, the defendant ignores the court's order. Judge Woodcock's order denying the motion for conditional certification expressly contemplated that the plaintiffs might wish to undertake discovery on this issue: "Alternatively, the Court will consider the Plaintiffs' limited discovery issue if they can establish more specifically why they are entitled to such an order." Motion Order at 21.

The defendant offers two other reasons why the court should deny the plaintiffs' motion to compel: the plaintiffs have "presented no new facts that justify disclosure of the requested information" and "any *ex parte* communications sent to prospective class members would clearly undermine the court-supervised process for determining the composition of the putative class, as well as the content of the court-authorized notice." Opposition at 3.

The second argument is undermined by the fact that both Judge Woodcock and I expressly contemplated the possibility of further discovery on this issue, the result of which

would only be useful to the plaintiffs if they could contact the individuals on the list. The defendant offers no evidence to suggest that the plaintiffs would engage in the "overreaching" and "misuse of [the class action] device," *id*. at 6, that provide the basis for the decision in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989), the Supreme Court decision which it cites. Indeed, the Supreme Court said in that case that "[t]he District Court was correct to permit discovery of the names and addresses of the discharged employees." *Id.* at 170. The defendant merely assumes that any contact by the plaintiffs or their attorneys with potential plaintiffs that is not directly supervised by the court will be conducted improperly, an assumption that the court is not willing to make. In addition, the current plaintiffs cannot legitimately represent to the court that others are interested in joining them without having contacted those individuals. *See generally Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *1-*2 (S.D.N.Y. June 1, 2010) (and cases cited therein).

That being said, the content of counsel's contact with potential collective action plaintiffs is and should be a matter of concern to the court. The plaintiffs have not offered a draft notice or other form of communication that they propose to use once they have acquired the list that they seek. Nor have they made any attempt to assure the court that they will keep the information they seek confidential and prevent its further dissemination. *See, e.g., Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *4 (N.D. Cal. Apr. 1, 2010) (allowing similar discovery only if those contacted are informed that he or she need not speak to plaintiff's counsel and, if he or she elects not to do so, plaintiff's counsel will not contact him or her again; a list of all those contacted is filed with court along with certification motion; plaintiff will not use information for any purpose outside the current litigation; and plaintiff will not disseminate information to anyone not necessary to prosecution of the current litigation).

The defendant's remaining objection also presents a problem for the plaintiffs in this case. In the ten days between my order of August 2, 2011 (Docket No. 42), and their filing of the instant motion to compel, the plaintiffs apparently undertook no effort to "specifically identify others interested in joining the putative class," which Judge Woodcock identified as the information that would be required before conditional certification would be approved. Motion Order at 19. The affidavits submitted by the plaintiffs in support of the instant motion to compel establish only that they know the names of three other disc jockeys employed by the defendant and no others. Declaration of Ernest E. Johnson III (Docket No. 43-1) ¶¶ 5-6; Declaration of Brian S. Prindle (Docket No. 43-2) ¶¶ 5-6. This information was obviously available to the plaintiffs at the time of the filing of the original motion for conditional certification.

On the other hand, the affidavits are significant for what they do not say. They do not describe any attempts to locate and/or contact these individuals or explain why it was impossible to do so. While the affidavits explain why Judge Woodcock's conclusion that they "likely possess [this information] already," Motion Order at 21, might be incorrect, that is not enough. The plaintiffs still have not established that they require the assistance of the court to obtain the names and addresses of potential class members because they have not provided the minimal information requested by Judge Woodcock. Recitation of efforts undertaken, either before or after August 2, 2011, to contact the three other disc jockeys or an explanation of why such efforts could not be undertaken was essential under the circumstances of this case.

### III. Conclusion

For the foregoing reasons, and on the showing made, the motion to compel is **DENIED.**

Dated this 7th day of October, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge